CHOI & ITO
Attorneys at Law

CHUCK C. CHOI
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com;
aito@hibklaw.com

Proposed Attorneys for Debtor
and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | BK. NO. 17-00611 |
| --- | --- |
| AINA LEʻA, INC., | (Chapter 11) |
| Debtor and Debtor-in-Possession. | |

I, Robert J. Wessels, the Chief Executive Officer of Aina Lea, Inc., a Delaware corporation (the "Corporation"), do hereby certify that: (a) I am the duly elected, qualified and Chief Executive Officer of the Corporation; (b) the following resolutions were duly adopted by the Board of Directors of the Corporation, as of June 20, 2017, in accordance with the requirements of applicable law; and (c) said resolutions have not been amended, modified or rescinded and are in full force and effect as of the date hereof:

## Chapter 11 Reorganization

WHEREAS, the Board of Directors of the Corporation (the "***Board of Directors***") has evaluated the Corporation's alternatives in connection with a possible restructuring and has determined that the filing of a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") is in the best interests of the Corporation and its stakeholders;

RESOLVED, that the Corporation shall be, and it hereby is, authorized to file a voluntary petition (the "***Petition***") for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Hawaii or such other court as the appropriate officer or officers of the Corporation shall determine to be appropriate (the "***Bankruptcy Court***") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing, the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness, or necessity thereof;

FURTHER RESOLVED, that the chief executive officer, chief financial officer, president, and the secretary of the Corporation (collectively, the "***Designated Officer***") shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Corporation, to: (a) execute, acknowledge, deliver and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Designated Officer, in such officer's discretion, deems necessary, desirable or appropriate to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and (c) execute, acknowledge, deliver and verify any and all other documents necessary, desirable or appropriate in connection therewith and to administer the Corporation's chapter 11 case in such form or forms as any such Designated Officer may approve; and the actions of any Designated Officer taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of the Petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Designated Officer's approval and the necessity, desirability or appropriateness thereof;

FURTHER RESOLVED, that the Designated Officers shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Corporation, to retain: (a) Choi & Ito as general bankruptcy counsel; (b) Greenburg Traurig, LLP (c) Macias Gini &

U.S. Bankruptcy Court - Hawaii  #17-00611  Dkt # 2  Filed 06/22/17  Page 2 of 4

O'Connell LLP; (d) Sang J. Peter Sim. Esq.; (e) Nixon Peabody, LLP; (f) John D. Marshall, Esq.; and (g) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants or brokers, in each case as in such Designated Officers' judgment may be necessary, desirable or appropriate in connection with the Corporation's chapter 11 case and other related matters, on such terms as such officer or officers shall approve and such Designated Officer's retention thereof to constitute conclusive evidence of such Designated Officer's approval and the necessity, desirability or appropriateness thereof;

FURTHER RESOLVED, that the law firm of Choi & Ito and any additional special or local counsel selected by the Designated Officers, if any, shall be, and hereby are, authorized, empowered and directed to represent the Corporation, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code;

FURTHER RESOLVED, that the Corporation, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) enter into and incur any obligations under a new debtor in possession financing facility or facilities and any associated documents and consummate the transactions contemplated therein (collectively, the "***Financing Transactions***") with such lenders and on such terms as may be approved by any one or more of the Designated Officers, as may be reasonably necessary, desirable or appropriate for the continuing conduct of the affairs of the Corporation; and (b) pay related fees, incur the debt contemplated by the Financing Transactions and grant security interests in and liens upon some, all or substantially all of the Corporation's assets in each case as may be deemed necessary, desirable or appropriate by any one or more of the Designated Officers in connection with the Financing Transactions;

FURTHER RESOLVED, that: (a) the Designated Officers shall be, and each of them, hereby is, authorized, directed and empowered, in the name and on behalf of the Corporation, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Designated Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "***Financing Documents***"); (b) Financing Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary, desirable or appropriate by the Designated Officers are approved; and (c) the actions of any Designated Officer taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all such Financing Documents, shall be conclusive evidence of such Designated Officer's approval and the necessity, desirability or appropriateness thereof;

FURTHER RESOLVED, that, in addition to the specific authorizations heretofore conferred upon the Designated Officers, each of the officers of the Corporation or their designees shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of, the Corporation, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, amendments and other documents and to pay all expenses, including filing fees, in each case as in such officer's or

3

officers' judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein;

## General

RESOLVED, that any and all actions and transactions by the Board of Directors or any officer for and on behalf and in the name of the Corporation with respect to any transactions contemplated by the foregoing resolutions before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes;

FURTHER RESOLVED, that the Board of Directors and any Designated Officer hereby is authorized and directed to certify and/or attest these resolutions, certificate of incumbency and such other documents or instruments that the Secretary may deem necessary or appropriate in connection with the foregoing matters; provided, however, that such certification and/or attestation shall not be required for any document, instrument or agreement to be valid and binding on the Corporation; and

FURTHER RESOLVED, that, in addition to the specific authorizations heretofore conferred upon the Designated Officers, each of the officers of the Corporation or their designees shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Corporation, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, amendments and other documents and to pay all expenses, including filing fees, in each case as in such officer's or officers' judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein.

IN WITNESS WHEREOF, the undersigned has caused this Certificate to be executed as of this 21st day of June, 2017.

_____
ROBERT J. WESSELS, CEO

4

U.S. Bankruptcy Court - Hawaii  #17-00611  Dkt # 2  Filed 06/22/17  Page 4 of 4