IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>AINA LEʻA, INC.,<br><br>       Debtor and<br>       Debtor-in-possession | Case No. 17-00611<br>(Chapter 11) |

## DECLARATION OF ROBERT WESSELS IN SUPPORT OF MOTION

I, ROBERT WESSELS, hereby declare that, if called as a witness in this action, I could and would testify competently of my own personal knowledge as follows:

1. I am over the age of 18 years and I am competent to make this declaration and do so based on personal knowledge, except as otherwise indicated.

2. I make this Declaration in support of the *Motion For Order Authorizing Debtor To Obtain Final Post-Petition Financing On A Superpriority Basis* (the "Motion"). Terms used herein and not otherwise defined shall have the meanings given to them in the Motion. The facts set forth in the Motion are true and correct to the best of my knowledge.

3. I hold an undergraduate degree from the University of Minnesota and a graduate degree from the New York University Graduate School of Business. I

76061v5

have served as an executive officer and board member with two NYSE listed companies from 1968 to 1973, and three NASDAQ companies from 1978 to 1996. I have over 40 years of experience in finance and over 30 years of experience in development and building construction.

4. I am the Director, and Chief Executive Officer of Aina Leʻa, Inc. ("Debtor"). I have been involved with efforts to acquire and develop the land owned by the Debtor since July, 2007, when DW Aina Le'a Development, LLC, a Nevada limited liability company was formed to conduct due diligence on the Waikoloa Property.

5. To date approximately $80 million in equity investments and approximately $32 million in secured indebtedness were used to finance the acquisition of and construction on the Waikoloa Property beginning in 2009. I have personally invested into or loaned (directly or indirectly) about $18 million of the foregoing funds.

6. From 2009 through early 2016, the Debtor raised approximately $44 million (gross) in equity financing from over 1,100 investors in Asia and Australia by selling Undivided Land Fractions ("ULF") to investors (primarily in Asia and Australia), who in turn, contribute the ULF to a land trust in exchange for a beneficial interest in the land trust.

7. In early, 2016, a Chinese investor (Zheng Wu) purchased about $16

U.S. Bankruptcy Court - Hawaii   #17-00611   Dkt # 11-3   Filed  07/05/17   Page 2 of 5

million of common stock in the Debtor in early 2015 through his Shanghai investment company called Shanghai Zhongyou Real Estate Group which makes his company the second largest shareholder (14.5%) of the Debtor. My irrevocable family trust is the largest shareholder of the Debtor with approximately 29 % of the outstanding common stock.

8. The Waikoloa Property is owned by the Debtor as follows: (a) 100 % of the 1,011 acres (consisting of two parcels); (b) 85% interest in the 23 acres (balance owned by Trust 2); and (c) approximately 46.88% interest (directly or indirectly through Trust 1 in the 38 acres. These properties are fully entitled and overlook the Mauna Lani and the Mauna Kea Resorts.

9. The 38 acre parcel is already permitted for 432 buildings. It is being developed with 384 affordable three and four-bedroom townhomes at an average price of under $450,000. Fifty-four building pads containing 432 units have been graded and finished. There are four buildings each containing eight townhomes which have been already built and one building which is partially completed.

10. As detailed in the Motion, our efforts to obtain additional financing have been delayed, primarily by litigation against the LUC. In the past 18 months, I have approached local banks, including First Hawaiian Bank, Bank of Hawaii and American Savings Bank, as well as Bank of America, about financing for the Waikoloa Property, without success.

U.S. Bankruptcy Court - Hawaii   #17-00611   Dkt # 11-3   Filed  07/05/17   Page 3 of 5

11. The Debtor has a critical and imminent need for financing to pay carrying costs, including payroll, to finish the SEIS, and to continue with infrastructure installation. The completion of the SEIS is especially critical in light of the May 17, 2017, letter from the County of Hawaii Planning Commission.

12. However, although we've invested about $35 million into infrastructure and construction already, there is remaining a need for an additional $12.5 million for infrastructure plus another $28 million to complete the construction of 192 of the townhouses which would generate more than $80 million in sales. I believe this inventory would be absorbed relatively quickly given the demand for affordable housing on the Big Island.

13. In my opinion, the only reasonable and likely source of funding to cover the short-term cash needs of the Debtor is from existing holders of ULFs (i.e., current investors) and potential future equity investors.

14. Thus, I believe the terms of the proposed DIP financing are reasonable under the circumstances and in the best interests of the estate and creditors.

15. Attached to the Motion as Exhibit "A" is the proposed terms of the DIP financing. Attached to the Motion as Exhibit "B" is a map of the Waikoloa Property and adjacent area.

DATED: Las Vegas, Nevada   July 5, 2017.

_____
ROBERT J. WESSELS