CHOI & ITO
Attorneys at Law

CHUCK C. CHOI
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com;
aito@hibklaw.com

ROBBINS, SALOMON & PATT, LTD
STEVE JAKUBOWSKI
180 N. La Salle Street, Ste. 3300
Chicago, Illinois 60601
Telephone: (312) 782-9000
Fax: (312) 782-6690
Email: SJakubowski@rsplaw.com

Proposed Attorneys for Debtor
and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | BK. NO. 17-00611 |
|---|---|
| AINA LEʻA, INC., | (Chapter 11) |
| Debtor and Debtor-in-Possession. | **APPLICATION TO EMPLOY ROBBINS, SALOMON & PATT, LTD. AS CO-COUNSEL TO THE DEBTOR,** *NUNC PRO TUNC* **AS OF JULY 9, 2017** |

AINA LEʻA, INC., the debtor and debtor in possession (collectively, the "Debtor") files this application ("Application") for entry of an order pursuant to

§327, 328, and 329 of Title 11 of the United States Code (11 U.S.C. § 101, *et seq.*, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Hawaii ("Local Rules") authorizing the employment of Robbins, Salomon & Patt, Ltd. ("RSP") as co-counsel to the Debtor in the Debtor's above-captioned chapter 11 case (the "Case"). RSP will work with the Debtor's current general counsel, Chuck C. Choi and Allison A. Ito, of Choi & Ito, whose retention has been approved on an interim basis. In support of this Application, Debtor relies on the Affidavit of Steve Jakubowski, sworn to on July 18, 2017 (the "Jakubowski Affidavit") and attached hereto. In support of this Application, Debtor states and represents as follows:

## Background

1. On June 22, 2017 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor is a Nevada corporation that is developing five separate unique parcels of land totaling approximately 1,099 acres known as the "Town of Aina Le'a" in conjunction with major builders and joint venture partners. Since the Petition Date, the Debtor has been operating as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Debtor desires to engage RSP to serve as its counsel, subject to this Court's approval, effective as of July 9, 2017.

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5. This Application is made by the Debtor for an order, pursuant to sections 327, 328, and 329 of the Bankruptcy Code and Bankruptcy Rule 2014, (i) authorizing it to employ RSP as counsel to the Debtor, *nunc pro tunc* as of July 9, 2017, and (ii) granting certain related relief.

## Basis for Relief Requested

6. The Debtor seeks to retain RSP to serve as co-counsel to the Debtor and to perform services necessary and desirable to the conduct of this Case on behalf of the Debtor. The Debtor selected RSP primarily because of RSP's extensive knowledge and experience in the field of bankruptcy and creditors' rights generally and experience of its members in representing smaller public companies as debtors in possession in complex chapter 11 cases.

7. The bankruptcy and restructuring attorneys of RSP have represented debtors, creditors' committees, and other parties in interest in chapter 11 cases of all sizes and in several jurisdictions throughout the country. Other attorneys at the firm concentrate in the firm's core areas of corporate, commercial and banking law, litigation, tax, employee relations, and real estate. Accordingly, RSP will be able to fully represent the interests of the Debtor should the need for input from lawyers outside of the firm's bankruptcy and restructuring practice be appropriate. RSP employs approximately 40 lawyers and legal paraprofessionals.

8. Since being engaged by the Debtor, RSP has worked diligently to familiarize itself with the Debtor's business and financial affairs. In addition, RSP also is familiar with certain key aspects of the Debtor's business and strategies that the Debtor seeks to employ in these chapter 11 cases to maximize the value of their estate for the benefit of all stakeholders.

## Services to be Rendered

9. RSP is expected to render such legal services as the Debtor considers appropriate and necessary to enable the Debtor to fulfill its duties as debtor and debtor in possession and to preserve and maximize the value of the Debtor's estate for all stakeholders. In acting as co-counsel for the Debtor, RSP's services will include representation on the following matters:

4

1468032

a. advising the Debtor of its rights, powers and duties as debtor and debtor in possession continuing to operate and manage their respective businesses and properties under chapter 11 of the Bankruptcy Code;

b. reviewing pertinent operational, financial, and legal information related to the Debtor and the administration of the Case;

c. consulting with the Debtor, lead creditors, and other parties in interest in the case, both directly and through their counsel, concerning the Debtor and the administration of the Case;

d. preparing necessary applications, motions, memoranda, orders, reports, documents, and filings;

e. appearing in Court on behalf of the Debtor;

f. reviewing and analyzing the pleadings filed in the Case by other parties;

g. assisting in formulation of feasible strategies relating to the the Debtor's reorganization through a chapter 11 plan;

h. investigating matters relevant to the Case, including without limitation: the assets, liabilities, and financial condition of the Debtor; prepetition lending agreements between the Debtor and all secured creditors; prepetition actions undertaken by secured creditors

in respect of their security; the validity, extent, and priority of security interests in the Debtor's assets; the prepetition financial and operational performance of the Debtor; and the viability of avoidance actions or other causes of action under chapter 5 of the Bankruptcy Code;

    i.    communicating with the Debtor's management regarding case developments and strategies and the Debtor's responsibilities generally; and

    j.    performing such other services as are in the interest of the Debtor's estate.

10. In accordance with Section F of the U.S. Trustee Guidelines, the Debtor proposes to retain RSP to serve as co-counsel to the Debtor with Choi & Ito, with each having separate areas of responsibility, and joint areas where attorneys from both firms work together, with both firms capable of providing substantive advice to the Debtor on all matters. Under such circumstances, RSP intends to work closely with the Debtor and Choi & Ito to ensure that there is no unnecessary duplication of services performed or charged to the Debtor's estates.

**Professional Compensation and other Terms of Engagement**

11. RSP has indicated its willingness to serve as co-counsel to the Debtor and to receive compensation and reimbursement in accordance with the terms of

6

1468032

any approved financing orders, sections 328, 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and as otherwise ordered by the Court.

12. The range of RSP's normal hourly rates for its attorneys and paralegals is as follows, subject to periodic adjustments to reflect economic and other conditions: partners: $290 - $795; associates: $140 - $270; paralegals/research clerks: $105 - $200. RSP has agreed to cap the hourly rates of its partners in this engagement at the same rate of Chuck C. Choi (currently approved at $400/hr.).

13. The names, positions, and hourly rates for the 2017 calendar year of the RSP professionals presently expected to be primarily responsible for providing services to the Debtor are Steve Jakubowski – partner ($400/hour), Richard Fimoff – partner ($400/hour), and Catherine A. Cooke – partner ($325/hour). In addition, from time to time, it may be necessary for other RSP professionals to provide services to the Debtor.

14. RSP's hourly billing rates for professionals are not intended to cover out-of-pocket expenses and certain elements of overhead that are typically billed separately. Accordingly, RSP regularly charges its clients for expenses and disbursements incurred in connection with the client's case, including extraordinary photocopying and postage, reasonable out-of-pocket travel costs, overnight package delivery charges, court and PACER fees, transcription costs,

and computer-aided legal research that is outside of RSP's normal monthly overhead charge. RSP will not charge for travel time in attending any meetings or hearings outside of the State of Illinois.

15. RSP will maintain detailed, contemporaneous time records in six minute intervals and apply to this Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any additional procedures that may be established by this Court in this chapter 11 case and the U.S. Trustee Guidelines. RSP contemplates using the following billing categories:

| CATEGORY | DESCRIPTION |
|---|---|
| Case Administration | Includes general case administration services; advice relating to business operations; preparing for and attending meetings with the U.S. Trustee, the Debtor, or other interested parties that are not within the scope of other identified matters; utility adequate assurance disputes; maintenance of case docket and calendar; filing and circulation of papers; and preparation and review of other reports, notices and service lists. |
| Creditor Inquiries | Includes all actions taken to respond to creditor inquiries about the chapter 11 case. |
| Executory Contracts/Unexpired Leases | Includes contract and lease analysis and matters relating to assumption, assumption and assignment, rejection, or recharacterization of executory contracts and unexpired leases. |
| Automatic Stay/Adequate Protection | Includes all motions to modify the automatic stay, all other types of actions where adequate protection is the central issue, and issues related to the effect of the automatic stay on pending matters. |
| Plan and Disclosure | Includes formulation, negotiation, preparation and |

8

1468032

U.S. Bankruptcy Court - Hawaii   #17-00611   Dkt # 46   Filed 07/21/17   Page 8 of 11

| | |
|---|---|
| Statement | promulgation of plans of reorganization, disclosure statements, and related corporate documentation, including research relating thereto and matters related to exclusivity. |
| Asset Disposition | Includes all matters relating to acquisitions, dispositions and other postpetition uses of property of the estate. |
| Financings | Includes negotiation and documentation of any debtor in possession financing and post-confirmation financing and of any cash collateral and related issues. |
| Claims Administration | Includes bar date matters, claims objections, and related contested matters and other claims administration activities |
| General Corporate/Real Estate | Includes all transactional, corporate governance and related matters involving the Debtor's business operations that do not relate to the plan of reorganization or disclosure statement process. |
| Schedules, Monthly Reports, and Operational Issues | Includes preparation of schedules of assets and liabilities and amendments thereto, statements of financial affairs and amendments thereto, operating reports, and other reports required by the U.S. Trustee or the Bankruptcy Court and other issues relating to the impact of bankruptcy law on day-to-day operations of the Debtor. |
| Employee Matters | Includes employee compensation and benefits matters, collective bargaining matters, other employee relations matters and ERISA and retiree benefits matters. |
| Tax Advice | Includes all federal and state income, property, employment, excise and other tax matters. |
| Litigation/Adversary Proceedings | Includes litigation and adversary proceedings (i.e., actions initiated by a complaint in the Bankruptcy Court), such as avoidable transfer litigation, claims litigation and related prelitigation matters; also includes all other contested matters that do not fit within another, more specific matter number description. |

U.S. Bankruptcy Court - Hawaii   #17-00611   Dkt # 46   Filed  07/21/17   Page 9 of 11

| Professional Retention/Fee Issues | Includes preparation of applications to retain professionals, other matters relating to retention of professionals, fee application requests, preparation of invoices, and objections to fees of other professionals. |
|---|---|

16. RSP will consult with the U.S. Trustee regarding any suggested alterations to these fee and expense categories.

17. RSP began consulting with the Debtor starting on July 9, 2017, so that is the date as of which the Application seeks RSP's employment to be effective.

## Disclosure Concerning Disinterestedness

18. As set forth in the Jakubowski Affidavit attached hereto, to the best of RSP's knowledge based on the investigation done to date based on the initial information available in the public record, RSP has no connections with the Debtor, its creditors, any other party in interest, its respective attorneys and accountants, the Office of the United States Trustee and/or any person employed in the Office of the United States Trustee that will, or could with reasonable probability, affect adversely the advice to be given or services to be rendered to the Committee in connection with this case. Accordingly, as required by Bankruptcy Code section 327(a), RSP does not represent any other entity having an adverse interest in connection with the Case and is a disinterested person within the meaning of Bankruptcy Code section 101(14).

1468032

WHEREFORE, the Debtor respectfully requests that the Court (i) enter the proposed Order granting the Application *nunc pro tunc* to July 9, 2017, (ii) authorize Robbins, Salomon & Patt, Ltd. to be compensated at the hourly rates set forth herein, subject to §§ 327 and 330 of the Bankruptcy Code and other orders of this Court, and (iii) provide such further relief as is just and appropriate.

Dated: Sacramento, California, July 21, 2017

Respectfully submitted,

AINA LE'A, INC.

By: _____
Richard P. Bernstein
Its: Secretary