IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | BK. NO. 17-00611 (Chapter 11) |
|---|---|
| AINA LEʻA, INC., | |
| Debtor and Debtor-in-Possession. | |

**AFFIDAVIT OF STEVE JAKUBOWSKI IN SUPPORT OF THE APPLICATION TO EMPLOY ROBBINS, SALOMON & PATT, LTD. AS CO-COUNSEL FOR DEBTOR**

I, STEVE JAKUBOWSKI, hereby declare that, if called as a witness in this action, I could and would testify competently of my own personal knowledge as follows:

1. I am an attorney at law admitted to practice in the State of Illinois before the United States District Court for the Northern District of Illinois and am a shareholder of the law firm of Robbins, Salomon & Patt, Ltd. ("RSP"). My office is located at 180 North LaSalle Street, Suite 3300, Chicago, Illinois 60601.

2. I submit this Affidavit (the "Affidavit") in support of the foregoing Application to Employ RSP as Co-Counsel for the Debtor (the "Application") filed in this Case. Capitalized terms used herein and not otherwise defined shall have the meaning set forth in the Application.

3. All facts set forth in this Affidavit are based on my personal knowledge and upon information supplied to me by other attorneys or staff at RSP and upon my review of relevant documents.

4. RSP began consulting with the Debtor starting on July 9, 2017, so that is the date as of which the Application seeks RSP's employment to be effective.

5. In connection with RSP's proposed retention, RSP conducted a review of whether RSP has any connections with the following persons or entities: (a) the Debtor, (b) the Office of the United State Trustee, and (c) the Debtor's draft schedules. These persons or entities were reviewed by the firm's conflicts checking administrator and one of the firm's partners to determine whether RSP has connections to such parties and if so, whether such connections relate in any way to the proposed representation of the Debtor in this case.

6. To the best of my knowledge based on the investigation done to date within the firm based on the information reviewed, RSP has no connections with the Debtor, its creditors, or any other party in interest, its respective attorneys and accountants, the Office of the United States Trustee and/or any person employed in the Office of the United States Trustee.

7. Neither I, or anyone at RSP, is a creditor, equity security holder, or an insider of the Debtor.

8. Neither I, or anyone at RSP, was within two years before the date of the filing of the Petition, an employee of the Debtor .

9. Based on the foregoing, I believe that RSP does not represent any other entity having an adverse interest in connection with the Case, within the meaning of Bankruptcy Code section 1103(b).

10. I have advised the Debtor of RSP's willingness to serve as its co-counsel in this Case and to accept compensation and reimbursement of expenses in accordance with the terms set forth in the Application.

11. The range of RSP's normal hourly rates for its attorneys and paralegals is as follows, subject to periodic adjustments to reflect economic and other conditions: partners: $290 - $795; associates: $140 - $270; paralegals/research clerks: $105 - $160.

12. RSP has agreed to cap the hourly rates of its partners in this engagement at $400 per hour. This is consistent with the rate of Chuck C. Choi (currently approved on an interim basis at $400/hr.). RSP's hourly billing rates for professionals are not intended to cover out-of-pocket expenses and certain elements of overhead that are typically billed separately. Accordingly, RSP regularly charges its clients for expenses and disbursements incurred in connection with the client's case, including extraordinary photocopying and postage,

U.S. Bankruptcy Court - Hawaii   #17-00611   Dkt # 46-1   Filed  07/21/17   Page 3 of 5

reasonable out-of-pocket travel costs, overnight package delivery charges, court fees, transcription costs, and computer-aided legal research.

13. I have reviewed the Local Bankruptcy Rules governing the appointment, conduct, and required fee statements of employed professional. RSP shall comply with the Court's requirements as established in the Local Rules.

14. No promises have been made or received by RSP as to payment or compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. RSP has not made any agreement with any other entity to share with such entity any compensation received by RSP.

15. RSP intends to apply for compensation for professional services rendered and for reimbursement of expenses in accordance with the applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of Hawaii and orders of this Court, including without limitation, any administrative orders of this Court.

16. Within one year prior to the Debtor's bankruptcy filing, the Firm received $0.00 from the Debtor for services rendered prior to the Debtor's Chapter 11, including work in anticipation of the bankruptcy filing.

U.S. Bankruptcy Court - Hawaii   #17-00611   Dkt # 46-1   Filed 07/21/17   Page 4 of 5

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 and under the laws of the United States that the foregoing is true and correct as of this 18th day of July, 2017.

                                                              /s/ Steve Jakubowski
                                                               Steve Jakubowski