McCORRISTON MILLER MUKAI MacKINNON LLP

D. SCOTT MacKINNON          #1403-0
JORDON J. KIMURA            #9182-0
MARGUERITE S. N. FUJIE      #8599-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaiʻi 96813
Telephone No.:   (808) 529-7300
Facsimile No.:   (808) 524-8293
E-mail:   mackinnon@m4law.com; kimura@m4law.com;
          fujie@m4law.com

Attorneys for Creditor
ROMSPEN INVESTMENT CORPORATION

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | ) | CIVIL NO. 17-00611 |
|---|---|---|
| | ) | (Chapter 11) |
| AINA LEʻA, INC., | ) | |
| | ) | ROMSPEN INVESTMENT |
| Debtor and Debtor-in-possession. | ) | CORPORATION'S OBJECTION TO MOTION FOR ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING ON JUNIOR SECURED AND SUPERPRIORITY BASIS [DKT # 71]; CERTIFICATE OF SERVICE |
| | ) | |
| | ) | Hearing: |
| | ) | Date:  August 8, 2017 |
| | ) | Time:  9:30 a.m. |
| | ) | Judge: Hon. Robert J. Faris |

363912.2

# ROMSPEN INVESTMENT CORPORATION'S OBJECTION TO MOTION FOR ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING ON JUNIOR SECURED AND SUPERPRIORITY BASIS [DKT # 71]

Romspen Investment Corporation ("***Creditor Romspen***"), a secured creditor in the above-captioned bankruptcy case, by and through its counsel, McCorriston Miller Mukai MacKinnon LLP, objects ("***Objection***") to the Motion for Order Authorizing Debtor to Obtain Post-Petition Financing on Junior Secured and Superpriority Basis [Dkt. # 71] ("***Second DIP Motion***") filed by Aina Leʻa, Inc., debtor and debtor-in-possession ("***Debtor Aina Leʻa***"), and in support of the Objection, respectfully states as follows:

## PRELIMINARY STATEMENT

Creditor Romspen incorporates by reference its Response to Debtor Aina Leʻa's Motion for Order Authorizing Debtor to Obtain Post-Petition Financing on Superiority Basis, filed on July 5, 2017 [Dkt. # 11] (the "***First DIP Motion***"), and will supplement only as necessary to address the Second DIP Motion for purposes of the Interim Hearing on the same scheduled for August 8, 2017.

## BACKGROUND

1.  On July 10, 2017, Debtor Aina Leʻa's First DIP Motion came on for hearing before this Court. Notwithstanding the objections and concerns expressed by creditors Bridge Aina Leʻa, LLC ("***Bridge***"), Libo Zhang ("***Zhang***") and

Creditor Romspen[1], the Court approved with modifications the First DIP Motion on an interim basis as an "experiment" to see whether Debtor Aina Leʻa would be able to borrow an initial and limited amount of funds ($500,000.00) from its existing shareholders under its proposed financing proposal, as modified by the Court.

2. Following the hearing on the First DIP Motion, the Court entered its Interim Order Authorizing Debtor to Obtain Post-Petition Financing and Scheduling Final Hearing [Dkt. # 54] ("***Interim DIP Order***").

3. Pursuant to the Interim DIP Order, Debtor Aina Leʻa was permitted to borrow no more than $500,000.00, on an administrative priority expense status, which funds shall be used to pay administrative expenses of the Bankruptcy Proceeding. The Court also set a further hearing on the First DIP Motion for August 8, 2017.

4. On August 2, 2017, and while the First DIP Motion was pending, Debtor Aina Leʻa filed its Second DIP Motion in which it requested the Court's approval to borrow funds from its existing shareholders on the same terms as proposed in its First DIP Motion, except that the loans shall be given superpriority status *and* granted a second mortgage lien junior and subordinate to the existing Bridge mortgage on Parcel D-1-A. *See* Second DIP Motion at 3.

---

[1] For the purposes of these proceedings, Creditors Bridge, Zhang and Romspen, representing the three largest secured creditors, will be collectively referred to herein as the "***Creditors***."

5. In support of Debtor Aina Leʻa's request, Robert Wessels, the Director and Chief Executive Officer of Aina Leʻa, Inc., also provided the following update on Debtor Aina Leʻa's attempts to obtain additional funds:

> …I have had at least a dozen conversations with existing shareholders and with financial advisors who we have used to raise equity and debt financing for the Debtor. Since the interim hearing on the original DIP Financing Motion on July 10, 2017, I had further discussions with two representatives of current equity holders and about seven or eight financial advisers. While no one has questioned the 12% interest as low, no one I have talked to has been willing to lend on an unsecured (administrative or superpriority) basis alone. There is, however, much stronger interest in lending to the Debtor if the Court were to grant a security interest in the Debtor's property.
>
> I have reluctantly concluded that the only way to raise DIP financing for the short term needs of the Debtor is to offer a junior lien on Parcel D-1-A.

Supplemental Declaration of Robert Wessels ("Wessels Supp. Decl.") [Dkt. # 71-3] at ¶¶ 10-11.

6. In addition to the Second DIP Motion, Debtor Aina Leʻa filed a: (a) Motion for Order Authorizing Debtor to Finance Insurance Premium (Nunc Pro Tunc as of June 27, 2017), dated July 24, 2017 [Dkt. # 53] (the "Insurance Premium Motion"); and (b) Motion for Order Authorizing Use of Escrow Funds, dated August 2, 2017 [Dkt. # 72] (the "Escrow Funds Motion").[2]

---

[2] The Insurance Premium Motion was heard on July 31, 2017, and an Interim Order was entered on August 3, 2017. The Escrow Funds Motion is set to be heard on August 21, 2017.

363912.2

4

7. On August 4, 2017, the Meeting of the Creditors took place at the Hilo State Office. At the meeting, Wessels described Debtor Aina Leʻa's plans for two rounds of financing: (a) operational funding; and (b) construction financing. Wessels also explained that Debtor Aina Leʻa's plan was to obtain operational funding by soliciting loans from its own equity owners, but to date, has not secured any agreements or raised any loan funds for such purposes. Debtor Aina Leʻa's plan for raising the construction funding included soliciting other sources, both institutional and individual, but has not secured any agreements or commitments to date.

8. When asked about the timing of its reorganization plan, Debtor Aina Leʻa, through its counsel and Wessels, indicated that Debtor Aina Leʻa expects to complete its reorganization plan in the "next couple of months," which is contingent on obtaining the noted "two rounds of financing".

## OBJECTION

9. The "experiment" has failed. More specifically, Debtor has failed to secure loans for even the limited amount of $500,000.00 permitted by this Court, let alone the $5,000,000.00 that Debtor originally requested it be permitted to seek to borrow pursuant to its proposed financing scheme.

10. The experiment has failed so dismally that Debtor is now back to moving the Court for permission to borrow on even more favorable terms than was

originally requested; Debtor now claims that the only way to raise the DIP financing is to offer a junior lien on Parcel D-1-A. *See* Wessels Supp. Decl., ¶ 11.

11. Aside from Wessels' statement that there is "much stronger interest in lending to Debtor if the Court were to grant a security interest in the Debtor's property," Debtor has not made any showing that its next proposed experiment will have any success. For example, Debtor has not presented to the Court a proposed loan commitment (conditional or otherwise) from any of the existing shareholders, representatives of current equity holders, and financial advisors, with whom Wessels has had "at least a dozen conversations." Wessels Supp. Decl., ¶ 10.

12. Debtor's Second DIP Motion and scrambling to obtain funds from any source it can, including the funds held in escrow, pursuant to the Road/Intersection Escrow Agreement dated November 17, 2015, demonstrates the extent of the experiment's failure and the lack of a practical and realistic financing plan.

13. Based on Debtor Aina Leʻa's history of unfulfilled promises, Creditor Romspen had little confidence that Debtor Aina Leʻa would be able to raise the $500,000.00 permitted by this Court. It follows that Creditor Romspen has no confidence that Debtor Aina Leʻa will be able to secure long-term permanent financing to complete development of the Waikoloa Property, and that any amounts Debtor Aina Leʻa is permitted to seek to borrow will only result in further delay, worsen the situation, and adversely impact the Creditors' recovery.

14. To the extent that the Second DIP Motion was intended by Debtor to

supersede the First DIP Motion, the Second DIP Motion is deficient and set up for failure for the same reasons as stated in Creditor Romspen's Objection to the First DIP Motion [Dkt. # 25]. Such reasons include, but are not limited to: (a) the fact that there is no actual commitment, conditional or otherwise, to provide the DIP financing, just a proposed financing scheme; (b) the proposed use of a non-standard, highly unusual, and unorthodox means of DIP financing; (c) the scant information provided by Debtor Aina Le'a regarding its expenses; (d) the failure to include any loan budget to show how the DIP financing will be allocated and used by Debtor Aina Le'a; and (e) the insufficient information and lack of any demonstration as to how the proposed DIP financing will support or address the extremely serious circumstances that currently affect the bankrupt estate, including without limitation, the zoning and entitlement status of Debtor Aina Le'a's primary asset, the Waikoloa Property.

15. Also, as with the First DIP Motion, the Second DIP Motion contains no suggestion as to setting any time limit to see if real loan commitments can in fact be obtained. The lack of any real borrowing under the interim approval supports the view that the non-standard and unusual financing scheme proposed is illusory.

16. Furthermore, Debtor Aina Le'a's filing of its Second DIP Motion does not excuse Debtor Aina Le'a from providing a detailed status update *in advance* of the further hearing on the same for the Court to consider and so that the

Creditors may provide a meaningful response;

17. Lastly, the prospects for successful reorganization are insufficiently demonstrated under these circumstances; and if Debtor's statements at the Meeting of the Creditors regarding its reorganization plan is any indication, Creditor Romspen's lack of confidence in a successful reorganization plan by Debtor is well founded.

## CONCLUSION

Based on the foregoing, Creditor Romspen respectfully requests that this Court deny Debtor Aina Leʻa's Second DIP Motion to Authorize Post-Petition Financing.

DATED: Honolulu, Hawaiʻi, August 7, 2017.

/s/ Marguerite S. N. Fujie
D. SCOTT MacKINNON
JORDON J. KIMURA
MARGUERITE S. N. FUJIE

Attorneys for Creditor
ROMSPEN INVESTMENT
CORPORATION

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | ) | CIVIL NO. 17-00611 |
|---|---|---|
| | ) | (Chapter 11) |
| AINA LEʻA, INC., | ) | |
| | ) | CERTIFICATE OF SERVICE |
| Debtor and Debtor-in-possession. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2017, a true and accurate copy of the foregoing document was duly served electronically through CM/ECF upon the following parties:

CHUCK C. CHOI, ESQ.
cchoi@hibklaw.com
ALLISON A. ITO, ESQ.
aito@hibklaw.com
Choi & Ito
745 Fort Street Mall, Suite 1900
Honolulu, Hawaiʻi 96813

Attorneys for Debtor and Debtor-in-Possession
AINA LEʻA, INC.

363912.2

Office of the U.S. Trustee
ustpregion15.hi.ecf@usdoj.gov
United States Bankruptcy Court
1132 Bishop Street, Suite 602
Honolulu, Hawai'i 96813

CUYLER E. SHAW, ESQ.
cshaw@awlaw.com
FRANCIS P. HOGAN, ESQ.
fhogan@awlaw.com
SARAH M. SIMMONS, ESQ.
ssimmons@awlaw.com
Ashford & Wriston
P.O. Box 131
Honolulu, Hawaii 96810

Attorneys for Creditor
LIBO ZHANG

BRUCE D. VOSS, ESQ.
bvoss@legalhawaii.com
MATTHEW C. SHANNON, ESQ.
mshannon@legalhawaii.com
JOHN D. FERRY III
jferry@legalhawaii.com
Bays Lung Rose & Holma
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawai'i 96813

Attorneys for Creditor
BRIDGE AINA LE'A, LLC

CYNTHIA M. JOHIRO, ESQ.
cynthia.m.johiro@hawaii.gov
atg.tax.hbcf@hawaii.gov
Department of the Attorney General
425 Queen Street
Honolulu, Hawai‘i 96813

Attorney for Creditor
Department of Taxation, State of Hawaii

DATED: Honolulu, Hawai‘i, August 7, 2017.

/s/ Marguerite S. N. Fujie
D. SCOTT MACKINNON
JORDON J. KIMURA
MARGUERITE S. N. FUJIE

Attorneys for Creditor
ROMSPEN INVESTMENT CORPORATION

363912.2

3